United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 19, 2005**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 04-40975
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEWIS P. GARCIA, JR.,

Defendant-

Appellant.

-------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-1510-1
-------------------------------------------------------------

Before WIENER, DeMOSS and STEWART, Circuit Judges.

PER CURIAM:*

Lewis P. Garcia, Jr. (Garcia) appeals his jury conviction for importation and possession with

intent to distribute more than five kilograms of cocaine in violation of 21 U.S.C. §§ 841, 952(a), and

960(b)(1).

Garcia contends that the district court erred when it denied his motion for a judgment of

acquittal at the close of the Government's case-in-chief and that the evidence was insufficient to

---

*

  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and
is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

support his conviction. Specifically, Garcia argues that the Government failed to prove that he knew about the cocaine hidden in the vehicle's gas tank.

Viewing the evidence in the light most favorable to the verdict, the evidence was sufficient to establish that Garcia knowingly imported and possessed with intent to distribute cocaine. Alberto Hernandez (Hernandez) testified that Garcia told him that he was going to get paid $20,000 for bringing approximately 30 kilograms of cocaine into the United States from Mexico. Although uncorroborated, Hernandez's testimony was not factually insubstantial or incredible and, thus, it was constitutionally sufficient to convict. See United States v. Westbrook, 119 F.3d 1176, 1189 (5th Cir. 1997). Further, given the value of the cocaine found in Garcia's vehicle, Garcia's demeanor upon learning of the cocaine, the admittedly large amount of money Garcia was being paid to bring the money back to Chicago, Garcia's implausible explanation of the events surrounding his trip to Mexico, and Garcia's inconsistent testimony, the jury could have rationally determined that Garcia's actions were consistent with guilty knowledge. See United States v. Villareal, 324 F.3d 319, 324 (5th Cir. 2003); United States v. Ortega-Reyna, 148 F.3d 540, 544 (5th Cir. 1998). Garcia also contends that the Government committed reversible error by eliciting testimony from two Government witnesses regarding Garcia's post-arrest, post-Miranda[**] silence. Although the remarks made by U.S. Customs and Border Patrol Inspector David Gammon and U.S. Customs and Border Patrol Agent Keith Forest Kearley were improper comments on Garcia's post-arrest, post-Miranda silence, the errors were harmless beyond a reasonable doubt. See Chapman v. United States, 547 F.2d 1240, 1247-50 (5th Cir. 1977). The Government's questions were not an attempt to elicit testimony regarding Garcia's post-arrest silence, but, rather his demeanor and reaction upon learning that

---

[**] Miranda v. Arizona, 384 U.S. 436 (1966).

cocaine had been found in his vehicle. The improper remarks were spontaneous and not prompted by the Government. The Government did not refer to these remarks during its closing argument and did not link Garcia's silence to his exculpatory testimony. Finally, Garcia's exculpatory testimony was implausible and the evidence of guilt was overwhelming.

Accordingly, the district court's judgment is AFFIRMED.